UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Tiffany D. Gilmore, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 12-5917 |
| v. | : | **MEMORANDUM ORDER** |
| Borough of Lawnside, et. al., | : | |
| Defendants. | : | |

This matter comes before the Court on Defendants' unopposed Motion [Dkt. No. 54] to Seal the Municipal Defendants' Motion for Summary Judgment [Dkt. No. 42-1] and Exhibit "G" attached thereto [Dkt. No. 42-9], Plaintiff's Opposition Briefs to the Summary Judgment Motions [Dkt. Nos. 46 and 47] and Exhibits "C" through "E" attached thereto [Dkt. Nos. 46-1 to 47-1], Municipal Defendants' Reply Brief [Dkt. No. 52-1], and Defendant Officer Colon's Reply Brief [Dkt. Nos. 51 and 51-1].  The Court will grant the motions in part and direct that the referenced briefs be sealed, with instructions to the parties to file redacted briefs consistent with this Memorandum Order

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677–78 (3d Cir. 1988)). The common law public right of access "encompasses all judicial records and documents [and] includes transcripts, evidence, pleadings, and other materials submitted by litigants...." United States v. Wecht, 484 F.3d 194, 209 (3d Cir. 2007) (quoting United States v. Martin, 746 F.2d 964, 968 (3d Cir. 1984)). A movant must demonstrate that "good cause" exists to seal a court record in order to overcome the

presumption of a public right of access. Securimetrics, Inc. v. Indian Techs., Inc., No. 03–4394, 2006 WL 827889, at *2 (D.N.J. Mar.30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id., 2006 U.S. Dist. LEXIS at *7 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.1994) (citations omitted)).

Local Civil Rule 5.3 governs requests to seal documents filed with the Court and sets forth four criteria for the petition to seal: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2); see also Foley v. Boag, 2006 U.S. Dist. LEXIS 34879 (D.N.J. Mar. 31, 2006).

Here, each motion to seal satisfies Rule 5.3(c)(2)(a), as the specified materials contain references to Camden Police Department Internal Affairs Files and Colon's Internal Affairs File, both of which contain social security numbers, photographs, and contact information for witnesses. In addition, the record contains psychological evaluations and reports. As a result, Defendants' motion satisfies sections (c)(2)(b) and (c), as a person's medical records are private and employee documents are protected by the Confidentiality Order of July 1, 2013 [Dkt. No. 18]. See Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information...."); United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980) ("There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."). In addition, the Internal Affairs Policy of the Attorney General favors

confidentiality. <u>State v. Kaszubinski</u>,177 N.J. Super. 136, 138-39 (Law Div. 1980).

To the extent that the briefs and documents filed contain such references private medical and identification information or confidential Internal Affairs Files and or Reports as described above, the Court finds that the private medical information and Internal Affairs Reports and Files will be sealed, as no less restrictive alternative is available. <u>See</u> L. Civ. R. 5.3(c)(2)(d). To the extent that Defendants' seek to seal the entirety of the Municipal Defendants' Motion for Summary Judgment [Dkt. No. 42-1], Plaintiff's Opposition Briefs to the Summary Judgment Motions [Dkt. Nos. 46 and 47], Municipal Defendants' Reply Brief [Dkt. No. 52-1], and Officer Colon's Reply Brief [Dkt. No. 51], the motion does not support wholly sealing these documents and the motion is denied. The parties shall redact information in the briefs consistent with this opinion.

The Court finding that this is the least restrictive means as it provides the public with full access to the case and there being no opposition to the Motion to Seal; and

For good cause having been shown,

IT IS ORDERED on this 29th day of June, 2015 that the Motion [Dkt. No. 54] of the Defendants to Seal hereby GRANTED in part as follows:

1) Exhibit "G" attached to the Municipal Defendants' Motion for Summary Judgment [Dkt. No. 42-9] is sealed;

2) Exhibits "C" through "E" attached Plaintiff's Opposition Briefs to the Summary Judgment Motions [Dkt. Nos. 46-1 to 47-1] are sealed;

3) Municipal Defendants' Motion for Summary Judgment [Dkt. No. 42-1], Plaintiff's Opposition Briefs to the Summary Judgment Motions [Dkt. Nos. 46 and 47], Municipal Defendants' Reply Brief [Dkt. No. 52-1], and Officer Colon's Reply Brief [Dkt. No. 51] are sealed and the parties are directed to file

      redacted briefs consistent with this Order.[1]

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge

---

[1] Given that the parties are participating in medication, the Court will seal the briefs at this time.  If it becomes necessary to consider the motions for summary judgment, the parties can, at that time, file the brief with the redactions set forth herein.  If mediation proves successful, the parties are not required to file redacted briefs.